UNITED STATES FEDERAL DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**TYRONE OATES,**

    **Plaintiff,**

v.                                                              Case No.:3:07-cv-544-J-16MCR

**INTERNATIONAL LONGSHOREMAN'S**
**ASSOC., LOCAL 1408 and JACKSONVILLE**
**MARITIME ASSOC., INC.,**

    **Defendant.**
_____/

## ORDER

International Longshoreman's Association, Local 1408 ("ILA") files this unopposed Motion to Dismiss or in the Alternative Motion for Summary Judgment (the "Motion").[1] For the reasons that follow, the ILA's Motion (Dkt. 7) will be **GRANTED**.

**I.  Factual and Procedural Background**

Plaintiff, a dues paying member of the ILA, filed his three count complaint (Dkt. 1) (the "Complaint) after he was removed from his position as gearman at the Jacksonville Maritime Association, Inc. ("JMA").  On December 15, 2006, one of Plaintiff's co-workers was injured on the job (the "December 15, 2006, incident").[2]  On December 19, 2006, Plaintiff was suspended for 120-days because of the December 15, 2006, incident.  Plaintiff

---

[1] The Court ordered Plaintiff to file a response to the Motion by January 21, 2008, or it would be considered unopposed.  See Dkt. 8.  Plaintiff failed to file any response.

[2] With the exception of noting that Plaintiff was going to transport his injured co-worker to the hospital but ultimately did not do so, the record does not reveal Plaintiff's exact involvement in the December 15, 2006 incident.

filed a grievance against Defendant citing the harshness of the suspension. The grievance hearing was set for January 11, 2007; however, Plaintiff was removed from his job prior to the hearing.

Following his removal, Plaintiff submitted a grievance to Defendant and Defendant's President contesting his removal as gearman and further claiming that he was subjected to a hostile work environment. At a hearing held on January 31, 2007, the grievance committee informed Plaintiff that there was no basis for him to grieve his removal from the gearman position. The grievance committee also stated that the JMA and the ILA would investigate Plaintiff's hostile work environment claim. On February 21, 2007, Mr. James Gray, the JMA's Executive Director, wrote to Plaintiff advising him that there was no evidence to support his hostile work environment claim.

The JMA and ILA are parties to a Collective Bargaining Agreement (the "CBA") (Dkt. 1, Ex. 1) that, among other things, sets forth a grievance procedure. (Dkt. 1, Ex, 1, ¶ 15.(B)). Plaintiff claims the JMA breached the CBA when it removed him from the gearman position without hearing his grievance. Plaintiff further claims that he attempted in good faith to exhaust his contractual remedies under the CBA, but Defendants refused to engage in the grievance process. Finally Plaintiff claims that, as required, he filed an unfair labor practice claim with the National Labor Relations Board (the "NLRB"), which the NLRB decided not to pursue.

The Complaint contains three counts all brought under the National Labor Relations Act, 29 U.S.C. § 158 *et seq.* (the "NLRA"). Count 1 is a Breach of the Duty of Fair

Representation against the ILA. Count 2 is an Unfair Labor Practice Claim, specifically Interference with an Employee-Employer Relationship also against the ILA. Count 3 is a Breach of the CBA against the JMA. Plaintiff demands damages and all legal and equitable relief provided by law.

**II.     Standard**

For the purposes of a motion to dismiss, the Court must view the allegations in a complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir. 1994). Furthermore the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R.Civ. P., 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Harrison v. Office of the State Courts Administrator, 2007 WL 1576351 (May 20, 2007, M.D. Fla.) (citing to Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

In general, courts disfavor motions to dismiss and only grant such motions in rare circumstances. See Gasper v. La. Stadium and Exposition Dist., 577 F.2d 897, 900 (5th Cir.

1978). Further, a motion to dismiss a complaint must be decided on questions of law and questions of law only. Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th Dist. Ct. App. 1968).

## III. Discussion

Defendant moves to dismiss Plaintiff's Complaint on procedural and substantive grounds. Specifically, Defendant claims that: 1) Plaintiff failed to file the Complaint in a timely manner; 2) the Complaint violates §§ 7 and 8 of the NLRA; and 3) Plaintiff violated Fed.R.Civ.P. 4(m) requiring service of process of the summons and Complaint within 120-days.

As a preliminary matter, the Court notes that the Motion (Dkt. 7) is riddled with typographical errors and contains incorrect facts and outdated legal standards. It is obvious that Defendant's counsel simply recycled an old motion from another case. A few examples of erroneous facts follow. Defendant claims that Plaintiff filed his Complaint on June 19, 2005. This is incorrect. Plaintiff's Complaint was filed on June 19, 2007. Defendant also claims that the December 15, 2006, incident occurred in 2004. This is also incorrect. Defendant further claims that Plaintiff failed to "allege, much less imply that he" filed a complaint with the NLRB. (Dkt. 7 at p. 5). This is also incorrect. Plaintiff clearly states in ¶ 34 of the Complaint that he "filed an unfair labor practice charge based on the above facts with the [NLRB]." (Dkt. 1, ¶ 34). The Motion also refers in multiple places to a "Plaintiff Steward." There is only one plaintiff in this case, Mr. Tyrone Oates.

Defendant is correct that the Complaint's timeliness is governed by the six-month statute of limitations found in § 10(b) of the NLRA, as amended, 29 U.S.C. § 160(b). In Del

4

Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983), the Supreme Court concluded that the six-month period for making charges of unfair labor practice to the NLRB contained in § 10(b) of the NLRA should be applied to a claim filed in federal district court for a breach of a union's duty of fair representation. Id. at 159, n.12.

### 1. Failure to File Timely

The six-month statute of limitations begins to run once the employee knows or should know of the union action that is the basis of the claim. See Wilkinson v. SEIU Local 1199 NW, 2007 WL 43839 *7 (January 4, 2007, W.D. Wash.) (citing to Galindo v. Stoody Co., 793 F.2d 1502, 1509 (9th Cir. 1986)). Stated somewhat differently, the six-month period for filing an unfair labor practice charge with the NLRB does not commence until an aggrieved party has knowledge of the facts necessary to support a present, ripe, unfair labor practice charge. See NLRB v. Pub. Serv. Elec. and Gas Co., 157 F.3d 222 (3rd Cir. 1998).

Defendant claims that the filing clock began to run on either December 15, 2006, (the date of the incident) or at the very latest December 19, 2006 (when Plaintiff was informed of his 120-day suspension). Plaintiff mentions several union failings in connection with his grievances. However, here, the statutory clock began to run on January 31, 2007, not on the December dates referenced by Defendant. January 31, 2007, is the date when Plaintiff knew that the ILA would not take any further action on his behalf with regard to his removal as gearman. By the Court's calculation, Plaintiff had until the end of July to file a complaint. Plaintiff filed the Complaint on June 19, 2007, which is within the six-month window.

### 2. Violates the NLRA

Defendant claims that the "[C]omplaint is violative of §7 and §8 of the [NLRA] . . ." because according to Defendant, Count 2 of the Complaint is subject to the exclusive jurisdiction of the NLRB. Thus, "to the extent the Complaint asserts claims under the NLRA, such claims must be dismissed." (Dkt. 7, pp. 2-3). In support of this argument, Defendant claims that Plaintiff "has failed to allege, much less imply, that he has complied with 29 U.S.C. § 159 *et. seq*. by filing a complaint with the NLRB. (Dkt. 7 at p. 5). As noted previously, Plaintiff clearly states in ¶ 34 of the Complaint that he "filed an unfair labor practice charge based on the above facts with the [NLRB] . . . . The [NLRB] decided not to pursue an action against Defendants." (Dkt. 1 at p. 6, ¶ 34). Regardless, federal jurisdiction is appropriate in this case and Defendant's counsel is invited to read 20 Williston on Contracts § 55:55 (4th ed.), which discusses jurisdiction in-depth.

### 3. Fed.R.Civ.P. 4(m)

Dismissal of this case is warranted, however, because Plaintiff failed to complete service of process within the 120-days required by Fed. R. Civ. P. 4(m). Dismissals under Rule 4(m) are usually without prejudice to a plaintiff; however, in this case, even granting Plaintiff a permissive extension would be fruitless as the re-filed Complaint would now be well beyond the applicable six-month statute of limitations found in § 10(b) of the NLRA, as amended, 29 U.S.C. § 160(b).

## IV. Conclusion

For the reason cited above, the Motion (Dkt. 7) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Jacksonville on this 19th day of March 2008.

Copies to:

Counsel of Record
Plaintiff

_____
JOHN H. MOORE II
United States District Judge